**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

TONY QUINTON NEWMY, SR.,                                                   PLAINTIFF
ADC #124420

v.                                   NO. 3:13CV00132 JLH-JTR

TREY JOHNSON, Parole Officer,
Mississippi County; FRED WRIGHT,
Parole Supervisor, Mississippi County;
and L. HOUSE, Area S.O. Coordinator,
Mississippi County                                                        DEFENDANTS

**OPINION AND ORDER**

        Tony Quinton Newmy, Sr., is currently confined in the Mississippi County Detention Facility.

He has filed a *pro se* complaint and an application to proceed *in forma pauperis.*

**I.  *IN FORMA PAUPERIS* APPLICATION**

        The Prison Litigation Reform Act provides that a prisoner who is permitted to file a civil

action *in forma pauperis* still must pay the full statutory filing fee of $350.[1] 28 U.S.C. § 1915(b)(1).

The only question is whether he will pay the entire filing fee at the initiation of the proceeding or in

installments over a period of time.  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).  Even if

a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with

his section 1983 claims and the filing fee will be collected by the Court in installments from the

prisoner's inmate trust account.  28 U.S.C. § 1915(b)(4).  If the prisoner's case is subsequently

dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim,

or seeks monetary relief against a defendant who is immune from such relief, the full amount of the

$350 filing fee will be collected and no portion of this filing fee will be refunded to him.

---

        [1] Plaintiffs who are granted permission to proceed *in forma pauperis* are exempt from the $50
increase in the filing fee that went into effect on May 1, 2013.

Newmy has submitted a certificate from an authorized jail official demonstrating that he is presently without sufficient funds to pay an initial partial filing fee. *See* Document #1; Document #3. Therefore, his application to proceed *in forma pauperis* is granted and no initial filing fee is assessed. *See* 28 U.S.C. § 1915(b). However, in the future, Newmy must make monthly installment payments equal to 20% of the preceding month's income credited to his institutional account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. *Id.*

## II.  SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious, (b) fail to state a claim upon which relief may be granted, or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

### A.    SECTION 1983 DUE PROCESS CLAIM

Newmy alleges that parole officer Trey Johnson falsely reported that he violated the terms of his parole by failing to maintain scheduled contact.[2] *See* Document #2. As a result thereof, Newmy's

---

[2] Newmy has also named parole supervisor Fred Wright and "S.O. Coordinator" L. House as defendants. However, Newmy has not pled any facts suggesting that Wright or House personally participated in the alleged denial of his constitutional rights. Thus, he has failed to state a viable § 1983 claim against them. *See Ashcroft*, 556 U.S. at 676, 129 S. Ct. at 1948; *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (explaining that, because there is no respondeat superior liability in § 1983 actions, a prisoner must pled sufficient facts suggesting that each defendants personally participated in the alleged violation of his constitutional rights).

parole was revoked, and he returned to state prison for approximately five months. He was released on November 15, 2012. According to Newmy, Johnson's actions constitute a violation of his due process rights, as protected by 42 U.S.C. § 1983.

A parolee has a constitutional right to due process in connection with the revocation of his parole. *Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S. Ct. 2593, 2601, 33 L. Ed. 2d 484 (1972); *Persechini v. Callaway*, 651 F.3d 802, 807 (8th Cir. 2011).

Even though Newmy has alleged the deprivation of a constitutional right that on its face would constitute a valid section 1983 claim, the Supreme Court's and Eighth Circuit's precedents relating to the intersection of habeas relief and section 1983 relief foreclose Newmy from challenging the asserted deprivation of his constitutional rights.

Newmy asserts that his parole officer's false declarations that he did not report to the parole officer led to five months of subsequent incarceration, from July 2012 through November 2012. Newmy filed this action in May 2013. In *Heck v. Humphrey*, the Supreme Court dealt with the intersection of 42 U.S.C. § 1983 and 28 U.S.C. § 2254, the federal habeas corpus statute, and held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been validated.

512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  Here, if Newmy were to recover damages, it would necessarily imply the invalidity of his revocation of parole and of the five months of extended incarceration.  *See Thomas v. Bohannon*, No. 4:11CV00275 JLH, 2011 WL 1465658, at *1-2 (E.D. Ark. Apr. 15, 2011).

Newmy, however, is no longer incarcerated as a result of the incidents alleged in the complaint.[3]  Newmy therefore cannot obtain habeas relief.  *See* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").  In *Spencer v. Kemna*, five Justices explained that *Heck*'s holding did not apply to a person no longer in custody, since "[a]fter a prisoner's release from custody, the habeas statute and its exhaustion requirement have nothing do with his right to any relief."  523 U.S. 1, 21, 118 S. Ct. 978, 990, 140 L. Ed. 2d 43 (1998) (Souter, J., concurring); *see id.* at 25 n.8, 118 S. Ct. at 992 n.8 (Stevens, J., dissenting) ("Given the Court's holding that petitioner does not have a remedy under the habeas statute, it is perfectly clear, as Justice SOUTER explains, that he may bring an action under 42 U.S.C. § 1983.").  The majority of circuits have followed *Spencer*'s pronouncements and have concluded that *Heck*'s holding does not apply to a person no longer in custody.  *See Cohen v. Longshore*, 621 F.3d 1311, 1316-17 (10th Cir. 2010); *Wilson v. Johnson*, 535 F.3d 262, 268 (4th Cir. 2008) ("Quite simply, we do not believe that a habeas ineligible former prisoner seeking redress for denial of his most precious right – freedom – should be left without access to a federal court."); *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 603 (6th Cir. 2007); *Nonnette v. Small*, 316 F.3d 872, 877 (9th Cir. 2002); *Huang v. Johnson*,

---

[3] The record does not indicate why Newmy is presently incarcerated.

251 F.3d 65, 75 (2d Cir. 2001); *Carr v. O'Leary*, 167 F.3d 1124, 1127 (7th Cir. 1999).[4]  The

minority of circuits, including the Eighth Circuit, have held that *Heck*'s holding is not limited to those

in custody and that because the statements in *Spencer* are dicta, those statements do not overrule

*Heck*'s holding.  *See Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007); *Gilles v. Davis*, 427

F.3d 197, 209-10 (3d Cir. 2005); *Randell v. Johnson*, 227 F.3d 300, 301-02 (5th Cir. 2000);

*Figueroa v. Rivera*, 147 F.3d 77, 79-81 & n.3 (1st Cir. 1998).  The Supreme Court has not ruled on

the issue.[5]  This Court is in the Eighth Circuit and is bound by Eighth Circuit precedent.  Newmy

cannot bring a section 1983 claim and seemingly does not have an avenue of relief to pursue his

allegation that a parole officer's false statements caused Newmy's revocation of parole and violated

his due process rights.  *See Dible v. Scholl*, No. C05-4089-PAZ, 2008 WL 656076, at *5 (N.D. Iowa

Mar. 7, 2008).[6]

## B.    SLANDER CLAIM

Newmy also alleges that Johnson committed the tort of slander when he falsely told Newmy's

family and friends that he had violated the terms of his parole.  That claim arises under Arkansas law,

not federal law.  Federal courts can hear a state-law tort claim only if (1) there is diversity jurisdiction,

---

[4] It appears the Eleventh Circuit also takes the majority approach.  *See Harden v. Pataki*, 320 F.3d 1289, 1298 (11th Cir. 2003).

[5] In *Muhammad v. Close*, the Court granted certiorari on this issue, *see* 539 U.S. 925, 123 S. Ct. 2573, but the Court decided the case without reaching that issue.  540 U.S. 749, 752 n.2, 124 S. Ct. 1303, 1305 n.2, 158 L. Ed. 2d 32 (2004).

[6] Because of the circuit split, however, the Court will not certify that an *in forma pauperis* appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).  Whether *Heck* applies to a person who is no longer in custody is a legitimate issue that Newmy or another litigant could in good faith raise on appeal with a view toward asking that *Entzi* be overturned either by the Eighth Circuit *en banc* or by the Supreme Court.

or (2) the state tort claim is related to a federal claim over which the court has original jurisdiction. 28 U.S.C. §§ 1332 and 1367.

All of the parties in this case are citizens of the State of Arkansas, so there is no diversity jurisdiction. *See* 28 U.S.C. § 1332; *Cascades Dev. of Minn., LLC v. Nat'l Specialty Ins.*, 675 F.3d 1095, 1098 (8th Cir. 2011). Further, for the previously explained reasons, the Court does not have original jurisdiction to hear Newmy's section 1983 claim. Thus, there is not a basis to exercise supplemental jurisdiction over his state-law slander claim under 28 U.S.C. § 1367.

### III.  CONCLUSION

IT IS THEREFORE ORDERED THAT:

1.      Newmy's application to proceed *in forma pauperis* is granted.  Document #1.

2.      Newmy must pay the statutory filing fee of $350.  The Mississippi County Sheriff, his designee, or any future custodian, is directed to collect monthly payments equal to 20% of the preceding month's income credited to Newmy's institutional account each time the amount in the account exceeds $10.00.  The Mississippi County Sheriff,  his designee, or any future custodian, is further directed to forward the payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350 has been paid.

3.      The Clerk is directed to send a copy of this Order to the Mississippi County Sheriff.

4.      The case is dismissed without prejudice.

DATED this 10th day of June, 2013.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE